UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND I. AIGBEKAEN,<br><br>                              Plaintiff,<br><br>v.<br><br>APPLE, INC.; TIMOTHY COOK<br><br>                              Defendants. | Case No.:  20cv1603-JAH-LL<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS (Doc. No. 2);**<br><br>**(2) DISMISSING PLAINTIFF'S COMPLAINT PURSUANT TO 28 U.S.C. § 1915A(b)(1) (Doc. No. 1);**<br><br>**(3) DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL (Doc. No. 3)** |

Plaintiff Raymond I. Aigbekaen ("Plaintiff") currently incarcerated at FCI Fort Dix, New Jersey, and proceeding *pro se,* filed a civil complaint, a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. 1915(a), and a Motion to Appoint Counsel. *See* Doc. Nos. 1, 2, 3.

Plaintiff seeks to sue Apple, Inc. and Timothy Cook for their "involvement in a conspiracy with the United States government to continue the WILLIE LYNCH agenda and violate the civil rights of minority citizens and non-citizens of the United States." *See*

Doc. No. 1. Plaintiff also includes various photos throughout his complaint, and his prayer for relief seeks "compensatory damages in an amount commiserate to the net worth of the richest white man. . . .[and an injunction] enjoining Apple [from] build[ing] a factory in the Ancient Benin City[.]" *Id*.

## I. Motion to Proceed IFP

### A. Standard of Review

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Plaintiff, however, "face an additional hurdle." Id. In addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), *Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> ... if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.; see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id*. at 1311.

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim,"

*Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008); *see also El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (noting that when court "review[s] a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.' ") (*quoting Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013) ). Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP civil action or appeal in federal court unless he alleges he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051–52 (noting § 1915(g)'s exception for IFP complaints which "make[ ] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing").

**B.     Discussion**

As a threshold matter, Plaintiff's complaint does not allege nor contain any "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes,* 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). The Court has identified at least four dismissals for failure to state a claim. *See Aigbekaen v. Harford County Sheriff's Department*, No. 1:19-cv-01864 (D. Md. May 19, 2020); *Aigbekaen v. Maddox*, No. 8:19-cv-01658 (D. Md. Feb. 6, 2020) (ECF No. 5); *Aigbekaen v. Barr*, No. 8:20-cv-00169 (D. Md. Feb. 6, 2020) (ECF No. 3); *Aigbekaen v. Trump*, 2020 WL 5704919 (D.N.J. Sept. 23, 2020).

As such, Plaintiff has more than "three strikes" pursuant to § 1915(g). Accordingly, the Court denies Plaintiff's motion to proceed IFP. *See Cervantes*, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status").

## II. Sua Sponte Screening Pursuant to 28 USC § 1915(e)(2)(B)

### A. Standard of Review

When a plaintiff seeks leave to proceed IFP, pursuant to 28 U.S.C. § 1915(a), the Complaint is subject to *sua sponte* review, and mandatory dismissal, if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." See 28 U.S.C. § 1915(e)(2)(B); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015) (pursuant to 28 U.S.C. § 1915(e)(2) "the court shall dismiss the case at any time if the court determines that… (B) the action or appeal… (ii) fails to state a claim on which relief may be granted."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (section 1915(e) not only permits, but requires, a district court to dismiss an in forma pauperis complaint that fails to state a claim.). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

Rule 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); see *Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson*, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," he must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

To survive dismissal, the complaint must contain "a short and plain statement of the claim that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). If a court determines that a complaint fails to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts. *See Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

### B. Discussion

In the instant matter, Plaintiff names Apple Inc. and its CEO, Timothy Cook, as Defendants. Plaintiff's complaint alleges Defendants violate the Walsh-Healey Act and "conspire[] with the U.S. Government to violate the privacy rights of minorities. . . [by making it] possible for the government to acquire data to be used in the sham prosecution of minorities." *See* Doc. No. 1-2 at 5. The remainder of Plaintiff's complaint appears deluded and are facially irrational. Plaintiff refers to Jesus, invoking spirits, Benin palace chiefs, the 13th Amendment, and Mother Nature. *Id.* at 9. As such, Plaintiff's Complaint also demands *sua sponte* dismissal as frivolous pursuant to 28 U.S.C. § 1915A(b)(1). *See Suess v. Obama*, 2017 WL 1371289, at *2 (C.D. Cal. Mar. 10, 2017) (dismissing as frivolous complaint alleging conspiracy among President, CIA, and FBI to torment plaintiff over six-year period). Because Plaintiff's claims are frivolous, "there is by definition no merit to the underlying action and so no reason to grant leave to amend." *Lopez v. Smith*, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) (en banc).

### III. Motion to Appoint Counsel

Finally, Plaintiff requests appoint of counsel because of his "limited legal acumen and also [he] suffer[s] from acute onset mutism." *See* Doc. No. 3. Because the underlying claim has been dismissed, the Court **DENIES** Plaintiff's motion to appoint counsel.

///

///

///

## IV. Conclusion and Order

For the reasons set forth above, the Court:

1. **DENIES** Plaintiff's Motion to Proceed IFP as barred by 28 U.S.C. § 1915(g);

2. **DISMISSES** this civil action based on Plaintiff's failure to pay the full statutory and administrative $400 civil filing fee required by 28 U.S.C. § 1914(a), and as frivolous pursuant to 28 U.S.C. § 1915A(b)(1); and

3. **DENIES** Plaintiff's Motion to Appoint Counsel.

**IT IS SO ORDERED.**

DATED: October 26, 2020

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE